UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JEFFREY A. SARVER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | Case No. 3:10-CV-330 JD |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Jeffrey A. Sarver, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 [DE 1] seeking to challenge his 2007 drug conviction in Howard County Superior Court. *See State v. Sarver*, 34D01-0609-FA-762. The Court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

Sarver's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Sarver pled guilty and was sentenced on December 19, 2007. [DE 1 at 1.] He did not pursue a direct appeal. [*Id.*] On July 6, 2009, he filed a petition for post-conviction relief with the state trial court. [*Id.*] That petition was denied on June 18, 2010, and Sarver again did not pursue an appeal. [*Id.*] He filed this federal petition on July 31, 2010, raising four claims pertaining to his sentence. [DE 1 at 3-4.]

Sarver's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. As stated above, Sarver did not pursue a direct appeal after he was sentenced in December 2007, and so his conviction became final when the time for seeking review in the Indiana Court of Appeals expired in January 2008. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (conviction becomes final when time for seeking further review expires); *see also* IND. APP. R. 9(A)(1) (notice of appeal must be filed within 30 days of entry of final judgment). This made his federal petition due in January 2009. 28 U.S.C. § 2244(d)(1)(A). This petition filed in July 2010 was approximately 18 months late. Although a properly filed application for state post-conviction relief tolls the limitations period

under 28 U.S.C § 2244(d)(2), the post-conviction petition Sarver filed in July 2009 did not toll the limitations period, because the one-year statute of limitations had already expired when he filed the petition.[1] *See De Jesus v. Acevedo*, 567 F.3d 941, 942 (7th Cir. 2009) (holding that when federal deadline has already run by the time state post-conviction petition is filed, the state court's denial of that petition "does not open a new window for federal collateral review").

Sarver does not raise any basis for excusing the untimeliness of his petition, and instead he appears to believe that his petition is timely because it was filed within one year of the state court's recent ruling on his post-conviction petition.[2] [*See* DE 1 at 5.] However, as explained above, the one-year deadline for filing a federal petition had already expired when Sarver filed his post-conviction petition, and the state court's subsequent denial of the petition did not "restart" the federal clock. *DeJesus*, 567 F.3d at 942-43. Accordingly, Sarver's petition must be dismissed as untimely.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must

---

[1] Sarver states in his petition that he filed a "motion for jail time credit/good time" in the state trial court on February 20, 2008, which the court denied on March 3, 2008. [DE 1 at 2.] It is doubtful that this motion tolled the limitations period under Section 2244(d)(2) since it did not attack the validity of Sarver's conviction or sentence. *See Price v. Pierce*, —F.3d—, 2010 WL 3189427, at *2 (7th Cir. Aug. 13, 2010) (describing nature of actions that qualify for tolling under Section 2244(d)(2)). However, even if this time is excluded from the limitations period, Sarver's petition would still be untimely.

[2] In response to Question 16, where the petitioner is asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Sarver states as follows: "This petition hasn't exceeded the one year time limit, that State has made unjust ruling and is violating defendants statutory right. T[ha]t the defendant has exhausted all his institutional avenues taken the issue to State court by way of Post-Conviction Relief and been denied by the trial judge deliberate indifference." [DE 1 at 5.]

make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the district court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the Court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

As is fully explained above, Sarver's habeas petition was not timely filed. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling or find that there is a reason to encourage Sarver to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

For these reasons, the Court DISMISSES the petition [DE 1] pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and DENIES a certificate of appealability.

SO ORDERED.

ENTERED: August 26, 2010

              JON E. DEGUILIO
              Judge
              United States District Court